UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

K.K.,

                                  Petitioner,                    Case # 23-CV-6281-FPG

v.

                                                                     DECISION & ORDER

MR. MERRICK GARLAND, et al.,

                                  Respondents.
───────────────────────────────

On January 15, 2025, the Court granted in part and denied in part Petitioner's request to file an amended petition. ECF No. 55. As is relevant here, the Court denied Petitioner's request to add claims supporting a stay of removal, finding such claims either moot or premature given Petitioner's pending petition for review.[1] *See id.* at 3.

On January 21, 2025, Respondents notified the Court that immigration authorities do not intend to "forbear removal of Petitioner" but rather "intend[] to remove Petitioner imminently." ECF No. 59 at 1. In response, Petitioner filed (1) a motion for leave to amend the petition to add claims supporting a stay of removal, ECF No. 60; and (2) a motion for a temporary restraining order preventing K.K.'s removal, ECF No. 61. Petitioner informs the Court that immigration authorities intend to transfer him on January 25, 2025, and remove him from the United States on January 30, 2025. *See* ECF No. 60-1 at 7. Petitioner requests an order enjoining his removal from the United States "prior to the full adjudication of his applications for a T Visa and U Visa."[2] ECF No. 60-1 at 24. Those visa applications remain pending. *See* ECF No. 60-1 at 4-6. He argues that

---

[1] The Court notes that today, the Second Circuit denied Petitioner a temporary stay in connection with his petition for review, which has now been referred to a three-judge panel. *See* No. 25-68, ECF No. 15 at 1.

[2] A T visa "allows certain victims of a severe form of human trafficking . . . to remain and work temporarily in the United States." *Adueva v. Mayorkas*, No. 17-CV-3350, 2021 WL 3492144, at *8 (E.D.N.Y. Aug 9, 2021). A U visa "provides protection against removal and a potential path to legal status for undocumented victims of violent crime." *Espino v. U.S.C.I.S.*, No. 21-CV-21, 2021 WL 6775011, at *1 (D. Vt. Aug. 18, 2021).

removal prior to the adjudication of his visa applications would violate his due-process rights as well as various federal statutes and regulations.  *See id.* at 18-24.

Both of Petitioner's motions must be denied.  This is because Petitioner faces an insurmountable obstacle to obtaining his requested relief: this Court "lacks jurisdiction" to entertain a noncitizen's "motion to stay removal." *Borbor v. Garland*, No. 21-CV-6325, 2021 WL 6797496, at *2 (W.D.N.Y. July 19, 2021).  Consequently, amendment would be futile, *see, e.g.*, *Book v. Tobin*, 263 F. App'x 174, 175 (2d Cir. 2008) (summary order) (noting that lack of subject matter jurisdiction renders a proposed amendment futile), and a temporary restraining order would be inappropriate, *cf. Baliga v. Link Motion Inc.*, No. 18-CV-11642, 2022 WL 2531535, at *9 (S.D.N.Y. Mar. 9, 2022) ("It is beyond cavil that a federal court must have subject-matter jurisdiction over an action before it can exercise authority over the parties.").

As is relevant here, 8 U.S.C. § 1252(g) strips this court of "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders against any alien under this chapter*." 8 U.S.C. § 1252(g) (emphasis added).  This bar applies "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title." *Id.*

Section 1252(g)'s jurisdictional bar applies here.  The jurisdictional bar encompasses both the decision of "*whether* to execute a removal order" and the decision of "*when* to do it." *Tazu v. Attorney General United States*, 975 F.3d 292, 297 (3d Cir. 2020).  For this reason, Petitioner's claims that the execution of the removal order *now*—*i.e.*, while his visa applications are pending—violates various constitutional, statutory, and regulatory provisions, is a claim "arising from" the government's "decision" to "execute" a removal order, and is thus subject to Section 1252(g)'s

2

jurisdictional bar.  This Court does not have jurisdiction to consider such claims.  *Accord id.* at 295 (holding that Section 1252(g) barred due-process challenge to removal "while [noncitizen applied] for a provisional waiver and appeal[ed] the denial of his motion to reopen"); *Rauda v. Jennings*, 55 F.4th 773, 777-78 (9th Cir. 2022) (same where petitioner sought stay pending ruling on motion to reopen); *E.F.L. v. Prim*, 986 F.3d 959, 962, 964-65 (7th Cir. 2021) (same where habeas petitioner sought stay of removal pending petition with USCIS); *Velarde-Flores v. Whitaker*, 750 F. App'x 606, 607 (9th Cir. 2019) (summary order) (agreeing that district court lacked subject matter jurisdiction under Section 1252(g) and stating that "[t]he decision whether to remove aliens subject to valid removal orders who have applied for U-visas is entirely within the Attorney General's discretion").

To avoid this conclusion, Petitioner attempts to reframe his claims.  He contends that he is not challenging the timing of the government's decision to remove him, but is instead challenging its "legal authority" to remove him "while [his] visa applications are being adjudicated." ECF No. 61-1 at 18.  This distinction is unpersuasive, as various circuit courts have noted.  *See, e.g.*, *Tazu*, 975 F.3d at 297 (rejecting noncitizen's argument that he may "file a habeas petition to challenge the execution of any removal order that might trigger allegedly unlawful effects"); *Prim*, 986 F.3d at 965 ("[T]he distinction between DHS's 'discretionary decisions' and its 'legal authority' to execute removal orders is illusory.  Section 1252(g) precludes judicial review of 'any' challenge to 'the decision or action by [DHS] to . . . execute removal orders.' That includes challenges to DHS's 'legal authority' to do so."); *Camarena v. Director, I.C.E.*, 988 F.3d 1268, 1274 (11th Cir. 2021) (noting that, through such "sleight of hand," any noncitizen could avoid 1252(g)'s bar by framing his claim "as an attack on the government's *authority* to execute a removal order rather than its *execution* of a removal order").  Ultimately, Petitioner does not dispute the existence or

validity of his removal order itself, *see* ECF No. 61-1 at 21, but merely contends that "separate regulatory process[es] should be interpreted to block [his] removal from the United States, at least for now." *Camarena*, 988 F.3d at 1273. Section 1252(g) "simply doesn't allow for it." *Id.*

Finally, Petitioner argues that Section 1252(g) itself violates the "Suspension Clause and/or the Due Process Clause of the Fifth Amendment." ECF No. 61-1 at 21. Neither argument is meritorious. As to the former, the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959 (2020), makes clear that no suspension-clause concerns exist with respect to Section 1252(g). *See Rauda*, 55 F.4th at 779-80. As to the latter, Petitioner fails to thoroughly develop this argument. *See* ECF No. 61-1 at 21-22; *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). In any case, insofar as "Congress has the power to determine the jurisdiction of the federal courts," the Court is unconvinced that "1252(g)'s jurisdictional bar goes so far as to deny those in [Petitioner's] position due process." *Velasquez v. Nielsen*, 754 F. App'x 256, 261 (5th Cir. 2018) (summary order).

Because the Court does not have jurisdiction over Petitioner's claims related to a stay of removal, his motions for leave to amend (ECF No. 60) and for a temporary restraining order (ECF No. 61) are DENIED.[3]

IT IS SO ORDERED.

Dated: January 23, 2025
      Rochester, New York

                                  HON. FRANK P. GERACI, JR.
                                  United States District Judge
                                  Western District of New York

---

[3] Federal regulations state that the filing of T- and U-visa applications "has no effect on DHS authority or discretion to execute a final order of removal." 8 C.F.R. § 214.204(b)(2)(i); *see also id.* § 214.14(c)(1)(ii). Nevertheless, a noncitizen may request an administrative stay of removal. *See* 8 C.F.R. § 241.6(a). The Court offers no opinion as to whether administrative relief may be available to Petitioner.